717 F.2d 1314
 114 L.R.R.M. (BNA) 2525
 DEPARTMENT OF the AIR FORCE, UNITED STATES AIR FORCE
ACADEMY, Petitioner,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent,
and
American Federation of Government Employees, AFL-CIO, Local
1867, Intervenor.
 No. 81-2244.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 19, 1983.
 
 John S. Koppel, Dept. of Justice, Civil Div., Washington, D.C. (J. Paul McGrath, Asst. Atty. Gen., William Kanter and Frederick Geilfuss, Dept. of Justice, Civil Div., Washington, D.C., on the brief), for petitioner.
 Steven H. Svartz, Federal Labor Relations Authority, Washington, D.C. (Mary Elizabeth Medaglia, Acting Sol., William E. Persina and Dawn D. Bennett-Alexander, Federal Labor Relations Authority, Washington, D.C., on the brief), for respondent.
 William J. Stone, Asst. Gen. Counsel, American Federation of Government Employees, AFL-CIO, Washington, D.C. (James R. Rosa, Gen. Counsel, American Federation of Government Employees, AFL-CIO, Washington, D.C., with him on the brief), for intervenor.
 Before McWILLIAMS, BARRETT and McKAY, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 This is a collective bargaining dispute arising under Title VII of the Civil Service Reform Act of 1978.[1] The Act reserves certain rights to management, including, among others, personnel decisions such as whether to hire, assign, lay off, or discipline employees. Sec. 7106(a). These rights are non-negotiable in the collective bargaining process. However, the rights reserved to management in subsection (a) are subject to a limitation in Sec. 7106(b) which allows negotiation over the procedures to be followed by management in exercising the rights reserved in subsection (a).
 
 
 2
 The Federal Labor Relations Authority (Authority) found that the Air Force Academy committed an unfair labor practice when it refused to bargain over a union proposal concerning the procedures to be followed in personnel actions. The union proposal at issue is virtually identical to proposals which the Authority previously determined to be negotiable and which have been sustained by two other circuits. Veterans Administration Medical Center, Tampa, Florida v. FLRA, 675 F.2d 260 (11th Cir.1982); Department of Defense v. FLRA, 659 F.2d 1140 (D.C.Cir.1981), cert. denied, 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982). The proposal which the Authority claims must be negotiated over provides that "[i]n the event of a disciplinary suspension or removal, the grievant will exhaust the review provision contained in the Agreement before the suspension or removal is effective; and the employee will remain in a pay status until a final determination is rendered." Petitioner's brief at 18-19.
 
 
 3
 The Air Force Academy claims that the provision, if adopted, would unreasonably delay disciplinary proceedings. Thus, the provision is substantive--within management's reserved rights--and non-negotiable. The Authority found, in accordance with Veterans Administration Medical Center v. FLRA and Department of Defense v. FLRA, that as long as the provision would not prevent the agency from "acting at all," the proposal is procedural and must be negotiated.
 
 
 4
 After reviewing the briefs and argument, together with the opinions of our sister circuits who have ruled on the issue, we see no reason to depart from those prior circuit decisions. We believe that a rational basis supports the Authority's determination that the United States Air Force Academy has a duty to bargain over the union proposal. The proposal merely seeks to establish procedures to be followed in disciplinary actions. Even though the proposal, if adopted, could result in unreasonable delay in disciplinary action in some cases, it would not result in preventing the Air Force Academy from acting at all. Our decision is necessarily limited to a judgment that the Authority's determination is supported by a rational basis which requires us to affirm their judgment and enforce the order. American Federation of Government Employees Locals 225, 1504 and 3723 v. FLRA, 712 F.2d 640 at 643-44 (D.C.Cir.1983); Library of Congress v. FLRA, 699 F.2d 1280, 1284-85 (D.C.Cir.1983); American Federation of Government Employees v. FLRA, 691 F.2d 565 (D.C.Cir.1982), cert. denied, --- U.S. ----, 103 S.Ct. 2085, 77 L.Ed.2d 297 (1983); National Treasury Employees Union v. FLRA, 691 F.2d 553, 558-59 (D.C.Cir.1982); Veterans Administration Medical Center, Tampa, Florida v. FLRA, 675 F.2d 260, 262 (11th Cir.1982).
 
 
 5
 The petition to review the decision of the Labor Relations Authority is overruled, and the cross-petition for enforcement by the Federal Labor Relations Authority is hereby granted.
 
 
 
 [1]
 Title VII of the Civil Service Reform Act of 1978, Pub.L. No. 95-454, 92 Stat. 1111 (1978), embodies the Federal Service Labor-Management Relations chapter and is codified at 5 U.S.C. Secs. 7101-35 (Supp. IV 1980)